HUGH T. TYLER v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 26 October, 1927.)

APPEAL by plaintiff from *Bond, J.,* at February Term, 1927, of NEW HANOVER. Affirmed.

*Hugh N. Pace and Rogers & Rogers for plaintiff.*
*Rountree & Carr and L. J. Poisson for defendant.*

PER CURIAM. The defendant was engaged in the construction of a coal chute. (1) Plaintiff and three others were engaged in carrying wooden sills of ordinary pine covered with creosote, weighing 1,060

pounds, 16 to 18 feet long, 12 x 12, over soft and sandy ground and high embankments, two in front and two behind. Lug hooks were used. The negligence alleged was insufficient help, additional aid requested and refused by defendant. The plaintiff's back was injured by the heavy strain. (2) Following this plaintiff was ordered to work on another job handling a heavy iron roller 300 or 400 pounds weight. The negligence alleged was also insufficient help and additional aid requested and refused by defendant. Plaintiff alleges from the two causes of actionable negligence he was permanently injured. Defendant in answer denies the material allegations of the complaint and alleges that at the time of plaintiff's alleged injury it was engaged in interstate commerce and the question of actionable negligence is regulated and controlled by the Federal Employer's Liability Act. It denied any negligence and pleads assumption of risk and contributory negligence. It was conceded that the actionable negligence, if any, was controlled by the Federal Employers' Liability Act. We have examined the record carefully and the briefs of plaintiff and defendant. We have heard the oral argument of the learned counsel in the cause. From the testimony of plaintiff and his witnesses we do not think the evidence sustains the allegations of the complaint of plaintiff alleging actionable negligence in the two particulars set out and sufficient to be submitted to a jury.

At the close of the plaintiff's evidence the defendant moved for judgment as in case of nonsuit. C. S., 567. The court below granted the motion which we think correct in law. The judgment is

Affirmed.